Peter J. Mintzer, ASBA #0803009
SELMAN BREITMAN LLP
800 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone:    206.447.6461
Facsimile:    206.588.4185
Email:        pmintzer@selmanlaw.com

Attorneys for Plaintiff SCOTTSDALE INSURANCE COMPANY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>vs.<br><br>SOCKEYE CYCLE COMPANY, PRINCESS CRUISE LINES, LTD., VICTORIA L. SCHRAMM, AND DOES 1 THROGUH 100, INCLUSIVE,<br><br>            Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff SCOTTSDALE INSURANCE COMPANY ("SCOTTSDALE") alleges as follows:

## I.    GENERAL ALLEGATIONS

**A.    THE PARTIES**

1. SCOTTSDALE is, and at all times relevant was, a corporation organized and existing by virtue of the laws of the State of Ohio, with its principal place of business in Scottsdale, Arizona. It is authorized to do business in, and does business in, the state of Alaska.

2. SCOTTSDALE is informed and believes, and thereon alleges, that defendant SOCKEYE CYCLE COMPANY ("SOCKEYE") is and was at all times herein mentioned a

business corporation organized and existing by virtue of the laws of the State of Alaska, with its principal place of business in Alaska.

3. SCOTTSDALE is informed and believes, and thereon alleges, that defendant PRINCESS CRUISE LINES, LTD. ("PRINCESS") is incorporated in Bermuda, has its principal place of business in Santa Clarita, California, and is authorized and/or licensed to do business in Alaska and in fact does business in Alaska.

4. SCOTTSDALE is informed and believes, and thereon alleges, that VICTORIA SCHRAMM ("SCHRAMM"), Plaintiff in the Underlying Action Victoria Schramm v. Princess Cruise Lines, Ltd., et al., Los Angeles Superior Court Case No. BC 620245 ("UNDERLYING ACTION"), is and/or was an individual domiciled in Wauconda, Illinois. SCOTTSDALE is informed and believes that SCHRAMM is deceased. If another party is substituted for SCHRAMM in the UNDERLYING ACTION as described below, SCOTTSDALE will amend this Complaint accordingly.

5. SCOTTSDALE is informed and believes, and thereon alleges, that SOCKEYE is, and at all times relevant hereto was, making claims for insurance coverage against policy number CPS2038685 issued by SCOTTSDALE to named insured SOCKEYE (the "SCOTTSDALE POLICY.")

6. SCOTTSDALE is informed and believes, and thereon alleges, that PRINCESS is, and at all times relevant hereto was, making claims for insurance coverage as an additional insured against policy number CPS203865 issued by SCOTTSDALE to named insured SOCKEYE.

7. SCOTTSDALE is informed and believes, and thereon alleges, that SCHRAMM is seeking damages from SOCKEYE and PRINCESS in the UNDERLYING ACTION as described below.

**B. JURISDICTION AND VENUE**

8. This Court has jurisdiction pursuant to 28 USC Section 1332 in that plaintiff is diverse from all defendants, and the amount in controversy exceeds $75,000.00, exclusive of

COMPLAINT FOR DECLARATORY RELIEF - 2
Case No.:
39358.1 380.38817

costs and interest. On information and belief, SCHRAMM seeks millions in damages, which PRINCESS and/or SCHRAMM contend are covered under the SCOTTSDALE POLICY. Venue is appropriate pursuant to 28 USC Section 1391 because defendants are subject to personal jurisdiction in this District.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) and (c) because SOCKEYE is a resident of the state of Alaska and the events that formed the basis of the UNDERLYING ACTION took place in Alaska.

10. Personal jurisdiction as to defendant PRINCESS is proper because defendant PRINCESS is authorized to and does conduct business in the state of Alaska and the events that formed the basis of the UNDERLYING ACTION took place in Alaska.

11. Personal jurisdiction as to defendant SOCKEYE is proper because SOCKEYE's principal place of business is in Alaska, it is incorporated in the state of Alaska, and it is authorized to and does conduct business in Alaska. Also, the events that formed the basis of the UNDERLYING ACTION took place in Alaska.

12. Personal jurisdiction as to defendant SCHRAMM is proper because the events that formed the basis of the UNDERLYING ACTION took place in Alaska.

C. THE SCOTTSDALE POLICY

13. SCOTTSDALE issued a Commercial General Liability policy to named insured SOCKEYE, a business corporation, Policy No. CPS2038685, effective from October 1, 2014 to October 1, 2015. A copy of the SCOTTSDALE POLICY is attached hereto as Exhibit 1.

14. The SCOTTSDALE POLICY contains an endorsement titled "ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION" which names "Princess Cruises and Tours and/or subsidiary and/or affiliated companies risk management" as an additional insured.

15. In relevant part, the SCOTTSDALE POLICY initially provides a Limit of Insurance for Bodily Injury and Property Damage Liability of $2,000,000 for any one occurrence.

16. The SCOTTSDALE POLICY initially provides coverage for "Bodily Injury" and "Property Damage" caused by an "occurrence" under standard Insurance Services Office Commercial General Liability ("CGL") Form CG 00 01 04 13, which states in relevant part as follows:

COVERAGE A- BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply[.]
   …
   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "bodily injury" or "property damage" is caused by an "Occurrence" that takes place in the "coverage territory."

17. However, the SCOTTSDALE POLICY then contains a Limited Participant Coverage-Sports Endorsement form GLS-130s (2-09) ("Participant Endorsement), which modifies insurance provided under the CGL coverage part and provides in relevant part as follows:

   A. The following is added to subsection 2. Exclusions of SECTION I – COVERAGES COVERAGE A. BODILY INJURY AND DAMAGE LIABILITY:

   This insurance does not apply to "bodily injury" to "participant(s)."

   We will have no duty to defend any "suit" against you seeking damages on account of any such injury unless coverage is provided by this endorsement.

   B. The following is added to subsection 2. Exclusions of COVERAGE C. MEDICAL PAYMENTS of SECTION I – COVERAGES:

   We will not pay expenses for "bodily injury" to "participant(s)."

C. The coverage provided is described below:
The following is added to SECTION I – COVERAGES:

COVERAGE – LIABILITY TO "PARTICIPANT(S)"

1. Insuring Agreement
   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "'bodily injury' to any participant(s)" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" to settle any claim or "suit" that may result. But:

      (1) The amount we will pay for damages is limited as described in Section D. of this endorsement;

      (2) Our right and duty to defend ends when we have used the applicable limit of insurance in payment of judgments or settlements; and

      (3) No other obligation or liability to pay sums or perform acts or services is covered unless provided for under SUPPLEMENTARY PAYMENTS – COVERAGES A AND B.

   b. This insurance applies to "bodily injury" only if:

      (1) The "bodily injury" is caused by an "occurrence" that takes place in the "coverage territory"; and

      (2) The "bodily injury" occurs during the policy period.

   c. Damage because of "bodily injury" includes damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury."

D. With respect to this endorsement, the following is added to SECTION III – LIMITS OF INSURANCE:

The Limits of Insurance are $25,000 Each "Occurrence" and $50,000 Aggregate per policy period, unless otherwise stated below:
$_____ Each "Occurrence

COMPLAINT FOR DECLARATORY RELIEF - 5
Case No.:
39358.1 380.38817

$_____ Aggregate per policy period

E. With respect to this endorsement, the following definition is added to SECTION V – DEFINITIONS:

"Participant(s)" means any person, including players, coaches, managers, staff members, team workers, officials, cheerleaders, students, customers and volunteers, who is instructing, supervising, training or practicing for, participating in or otherwise involved in any games, sports or athletic activity, contest or exhibition that you manage, operate or sponsor.

D. **THE UNDERLYING ACTION / SCOTTSDALE'S INVESTIGATION**

18. The UNDERLYING ACTION was filed on May 12, 2016, entitled Victoria Schramm v. Princess Cruise Lines, LTD, Los Angeles Superior Court Case No. BC 620245. A true and correct copy of the Complaint in the UNDERLYING ACTION is attached hereto as Exhibit 2. The Complaint in the UNDERLYING ACTION alleged a single cause of action against PRINCESS for negligence arising out of alleged injuries sustained on or about May 31, 2015, and alleged in relevant part as follows:

> [PRINCESS] had a duty to endure that the excursions it offers, promotes, and sells to its passengers are safe. [PRINCESS] knew or should have known of the dangers associated with the excursion it sold to plaintiff and should have warned her of those dangers. [PRINCESS] was negligent in failing to provide the plaintiff with a safe cruise and a safe excursion and failing to appropriately warn plaintiff of the dangers associated with the excursion it sold to plaintiff that it knew or should have known existed. [PRINCESS] exposed plaintiff to an unreasonable risk of harm when it sold the excursion to plaintiff. [PRINCESS] failed to properly inspect and consider all known risks and dangers associated with the excursion it advertised, promoted and sold to Plaintiff. Additionally, [PRINCESS] failed to properly evaluate the skill levels of Plaintiff and whether the excursion it sold to Plaintiff was appropriate for her size, weight, skill level and experience. [PRINCESS] failed to give proper instructions and/or safety warnings and/or trainings to Plaintiff. Finally, [PRINCESS] failed to properly care for Plaintiff following her injury.

19. On or about December 6, 2016, SCHRAMM filed an Amendment to the Complaint in the UNDERLYING ACTION substituting SOCKEYE for DOE ONE.

20. SCOTTSDALE was advised of the incident leading to the UNDERLYING ACTION before the Complaint in the UNDERLYING ACTION was filed, and conducted an investigation of the facts ultimately alleged in the UNDELRYING ACTION. Based on that investigation, SCOTTSDALE is informed and believes and thereon alleges that SCHRAMM, along with her husband and daughter, flew to Alaska for an 11-day Princess Cruise aboard Coral Princess on May 27, 2015.

21. SCOTTSDALE is informed and believes and thereon alleges, based on its investigation, that while on the cruise, Victoria Schramm was a participant in a "Klondike Summit to Sea Bicycle Tour" ("Bicycle Tour") on May 31, 2015 advertised through PRINCESS and conducted by SOCKEYE.

22. SCOTTSDALE is informed and believes, and thereon alleges based on its investigation, that SCHRAMM signed a waiver of liability for the Bicycle Tour.

23. SCOTTSDALE is informed and believes, and thereon alleges based on its investigation, that while she was a participant on the Bicycle Tour, SCHRAMM fell from her bicycle and hit her head (she was wearing a helmet).

E. THE RESERVATION OF RIGHTS LETTERS

24. SCOTTSDALE sent SOCKEYE a reservation of rights letter on October 7, 2015 in response to the tender of the claim leading to the UNDERLYING ACTION. SCOTTSDALE has agreed to defend SOCKEYE in the UNDERLYING ACTION under a full and complete reservation of rights.

25. SCOTTSDALE sent PRINCESS a reservation of rights letter on February 13, 2017 for the UNDERLYING ACTION. SCOTTSDALE has agreed to defend PRINCESS in the UNDERLYING ACITON under a full and complete reservation of rights.

26. In both letters, SCOTTSDALE reserved its right to seek a judicial declaration of its rights and duties under the SCOTTSDALE POLICY.

## II. CAUSE OF ACTION

**(Declaratory Relief: SCOTTSDALE's Duty to Indemnify is Limited to the $25,000 Participant Endorsement)**

27. SCOTTSDALE refers to the allegations in Paragraphs 1-26 which are incorporated into this cause of action.

28. SCOTTSDALE seeks a declaration that its duty to indemnify its insureds is limited to the $25,000 Participant Endorsement.

29. An actual controversy has arisen and now exists between SCOTTSDALE, SOCKEYE, PRINCESS, and SCHRAMM with respect to whether SCOTTSDALE has a duty to Indemnify SOCKEYE and PRINCESS beyond the limits of the Participant Endorsement.

30. SCOTTSDALE contends that it does not have, and never did have, a duty to indemnify SOCKEYE and PRINCESS in the Underlying Action beyond the $25,000 in coverage provided by the Participant Endorsement.

31. SCOTTSDALE is informed and believes, and thereon alleges, that SOCKEYE, PRINCESS and SCHRAMM dispute the foregoing contentions.

32. The Court has authority to declare the rights and obligations of the Parties under the SCOTTSDALE POLICY, pursuant to 28 U.S.C. § 2201.

33. Because there is no potential for indemnification beyond the $25,000 in coverage under the Participant Endorsement, and because SCHRAMM in the UNDERLYING ACTION seeks damages that are potentially in excess of the coverage provided by the Participant Endorsement in the SCOTTSDALE POLICY, declaratory relief is necessary and appropriate at this time in order to resolve the actual and present controversy between SCOTTSDALE, SOCKEYE, PRINCESS and SCHRAMM.

## PRAYER FOR RELIEF

Based on the above, SCOTTSDALE prays as follows:

1. For a judicial declaration that coverage is limited to the SCOTTSDALE POLICY'S $25,000 Participant Endorsement due to the fact that SCHRAMM was a "participant"

in the Bicycle Tour at which she sustained bodily injury, as that term is defined by the SCOTTSDALE POLICY.

2. For such other relief as the Court may deem just and proper.

DATED this 23rd day of March, 2017.

SELMAN BREITMAN LLP

/s/ Peter J. Mintzer
Peter J. Mintzer, ASBA #0803009
SELMAN BREITMAN LLP
800 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: 206.447.6461
Facsimile: 206.588.4185
Email: pmintzer@selmanlaw.com

Attorneys for Plaintiff SCOTTSDALE INSURANCE COMPANY